ISAAC BERNHEIMER AND SIMON BERNHEIMER, RESPOND-
ENTS, *v.* BENJAMIN A. WILLIS, IMPLEADED WITH OTHERS,
APPELLANT.

*Action to foreclose a mortgage — Counter-claim — Reply — when required.*

In an action brought to foreclose a mortgage for $25,000, the defendant alleged
in his answer that at the time of its execution, he being desirous of purchasing
certain real estate, borrowed $38,000 of the plaintiff, which was to be secured
by mortgage on the premises to be purchased. That subsequently he, at plain-
tiff's request, gave the mortgage in suit upon half of the premises, and an
absolute deed of the other half, which it was agreed should be in fact a mort-
gage to secure the remaining $13,000. That plaintiff never claimed that the
deed was an absolute one. Defendant then prayed to be allowed to pay the
$38,000, and all interest due thereon, and have the deed canceled and the mort-
gage satisfied. *Held,* that the cause of action, alleged in the answer, arose out
of the contract or transaction set forth in the complaint, and constituted a
counter-claim to which a reply was necessary.

APPEAL from an order of the Special Term, denying a motion for judgment for want of reply to a counter-claim.

*John R. Dos Passos,* for the appellant.

*J. Drake* and *George Douglas,* for the respondents.

DAVIS, P. J. :

This action was brought to foreclose a mortgage of the undivided half of a number of lots in the city of New York. The appellant,

) the mortgagor, admitted by his answer the execution and delivery of the bond and mortgage described in the amended complaint ; and, " for a third separate defense and counter-claim," he alleged that, about the time of the date of the mortgage, he was about purchasing the whole of the property described in the complaint and mortgage, and required for such purpose, among other moneys, the sum of $50,000 ; that the plaintiffs agreed to lend to him that amount in consideration of his agreeing to pay the same with legal interest, and to secure its payment by a mortgage of such property ; that in reality they advanced and lent him only $38,000, and instead of receiving one mortgage for the entire amount of $38,000, they desired and requested him to give them a mortgage of $25,000, payable in two years from its date, and to secure the residue by giving to plaintiff an absolute deed of one-half of said property, which it was distinctly agreed was to be taken, received and regarded as a mortgage ; that in violation of said agreement, the plaintiffs now maintain and allege that the formal conveyance of the one-half of the land was an absolute and unqualified deed, and refuse to regard it otherwise, though often requested so to do : that the defendant is, and has been at all times, ready and willing to pay the said sum of $38,000, and interest and all proper expenses, upon a reconveyance of the said one-half of said lands, and the satisfaction and cancellation of the mortgage on which this suit was brought ; " and he prays judgment, in substance, that the deed for one-half of the lands be declared a mortgage, and that plaintiffs be compelled, upon payment of said sum of $38,000, and any sum which may be found to be due to them, to execute a reconveyance of the property therein described, and to satisfy the mortgage upon which this suit was brought. The court below held that this answer did not set up a counter-claim within the meaning of section 150 of the Code, because the cause of action alleged as a counter-claim did not arise out of the contract or transaction set forth in the complaint as the foundation of the plaintiffs' claim, and was not connected with the subject of the action. We think the court below was in error. The allegations of the answer show, in substance, that an agreement was made for a loan upon the whole of the lands described in the mortgage and complaint, to be secured by a mortgage on the whole, but that the plaintiffs, when they

advanced the $38,000 under such agreement, required the appellant to execute a bond and mortgage upon one-half of the property to secure $25,000 of the moneys advanced, and to secure the balance of $13,000 by an absolute deed of the other half of the lands, which was really to be a mortgage, although in the form of an absolute deed. It alleges his readiness and offer to repay the whole loan of $38,000 upon the satisfaction of the mortgage in suit, and the reconveyance of the equal undivided one-half of the lots so conveyed to them; and it also alleges that the plaintiffs assert and maintain that the deed to them is absolute and unqualified, and not a mortgage, and claim to hold said lots as if granted to them in fee; and the relief asked by the defendant is, that the deed of the lots may be declared a mortgage, and that he may be permitted to pay off the whole loan upon the reconveyance of the equal undivided one-half of the lands, and the satisfaction of the mortgage in suit. This statement shows a case which, in our judgment, is within the provisions of section 150 of the Code, for if the allegations of the defendant be as alleged in the counter-claim, it does arise out of the contract or transaction set forth in the complaint as the foundation of the plaintiffs' claim, and is directly connected with the subject of the action.

There is no difficulty in trying the controversy thus presented in this action between the plaintiffs and the defendant Willis. If the defendant succeeds in establishing his claim, he will be able to redeem the whole of said lots by payment of the amount found due upon the entire loan of $38,000; and it may be to his interest and advantage to do that, while it may be quite otherwise in respect only to the part actually covered by the mortgage for $25,000. He has the right, we think, to have the question litigated in this action. The reply was therefore necessary under the Code, and the defendant was right in his motion under section 154.

The court below, however, would undoubtedly have given leave to reply on terms, instead of rendering final judgment on the counter-claim, if it had not come to the conclusion that the answer did not contain a counter-claim. We ought to give the same directions. The order below should be reversed, and an order entered granting judgment upon the counter-claim, unless the respondents shall, within twenty days after the service of the order to be entered

hereon, serve a reply to the counter-claim, and pay ten dollars costs of the motion below, and ten dollars costs of appeal, besides disbursements.

BRADY and DANIELS, JJ., concurred.

Order reversed ; order entered granting judgment on counter-claim, unless respondents, within twenty days after service of order to be entered hereon, serve a reply to counter-claim, and pay ten dollars costs of motion below, and ten dollars costs of appeal, besides disbursements.